IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL K. CHESTANG,

     Petitioner,                  No. CIV S-12-0737 GGH P

    vs.

SWARTHOUT,

     Respondent.               ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Petitioner challenges a prison disciplinary finding that resulted in the loss of credits. On December 3, 2007, a cell phone was found hidden inside petitioner's typewriter, and petitioner was punished. Nearly three years later on September 5, 2010, a cell phone charger was found hidden in petitioner's typewriter and petitioner was assessed a loss of credits.

\\\\\

1

Petitioner argues that these two punishments were a violation of Double Jeopardy because the cell phone charger found in 2010 was part of a set with the cell phone found in 2007, and the phone cannot operate without being charged by the charger.

The Double Jeopardy Clause of the Fifth Amendment guarantees that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. The Supreme Court in Benton v. Maryland, 395 U.S. 784, 794, 89 S.Ct. 2056 (1969), held that the Double Jeopardy Clause's protections were applicable to the states through the Fourteenth Amendment. The guarantee against double jeopardy protects against (1) a second prosecution for the same offense after acquittal or conviction, and (2) multiple punishments for the same offense. Witte v. United States, 515 U.S. 389, 395–96, 115 S.Ct. 2199 (1995).

In the instant case, petitioner's argument fails to set forth a habeas claim. Petitioner was not prosecuted or punished for the same offense. There were two distinct factual scenarios and offenses that occurred nearly three years apart and petitioner was not put in jeopardy for the same offense. Being found in possession of contraband that may have been related to other contraband found several years earlier will not state a Double Jeopardy claim. Nor does it matter that petitioner happened to hide the items in the same place. Ultimately, and assuming that it is unlawful to be in possession of a cell phone charger *per se*, petitioner committed two separate offenses and was properly punished.[1] The petition is dismissed but petitioner will be allowed to file an amended petition within 28 days. No further amendments will be allowed.

\\\\\

\\\\\

---

[1] For example, assume that a person has an unlawful weapon within his possession and also ammunition used in the weapon which is unlawful to possess in its own right, i.e., one could be charged with unlawful possession of the ammunition regardless of whether it was found in connection with an actual weapon. The fact that a prosecution occurred for the weapon itself, and a later prosecution for the ammunition when it was found, does not implicate Double Jeopardy.

1       In accordance with the above, IT IS HEREBY ORDERED that:

2       1. Petitioner's application to proceed in forma pauperis is granted;

3       2. The petition is dismissed for the reasons discussed above with leave to file an amended petition within 28 days of service of this order. Failure to file an amended petition will result in a recommendation that this action be dismissed.

DATED: April 20, 2012

          /s/ Gregory G. Hollows
          UNITED STATES MAGISTRATE JUDGE

GGH: AB
ches0737.100