1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DANIEL K. CHESTANG,

11              Petitioner,                 No. 2:12-cv-0737 GGH P

12        vs.

13   SWARTHOUT,

14              Respondent.           <u>ORDER</u>

15   _____/

16              Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254 and proceeds in forma pauperis.  This action is

18   before the undersigned pursuant to petitioner's consent.  Doc. 4.  Petitioner's original habeas

19   petition was denied with leave to amend and petitioner has filed an amended petition.  However,

20   the amended petition is substantially similar to the original petition and contains the same

21   deficiencies.

22              Petitioner challenges a prison disciplinary finding that resulted in the loss of

23   credits.  On December 3, 2007, a cell phone was found hidden inside petitioner's typewriter, and

24   \\\\\

25   \\\\\

26   \\\\\

1   petitioner was punished nearly three years later on September 5, 2010, a cell phone charger was

2   found hidden in petitioner's typewriter and petitioner was assessed a loss of credits.[1]

3           Petitioner argues that these two punishments were a violation of Double Jeopardy

4   because the cell phone charger found in 2010 was part of a set with the cell phone found in 2007,

5   and the phone cannot operate without being charged by the charger.[2]

6           The Double Jeopardy Clause of the Fifth Amendment guarantees that no person

7   shall "be subject for the same offence to be twice put in jeopardy of life or limb."  U.S. Const.

8   Amend. V.  The Supreme Court in Benton v. Maryland, 395 U.S. 784, 794, 89 S.Ct. 2056 (1969),

9   held that the Double Jeopardy Clause's protections were applicable to the states through the

10  Fourteenth Amendment.  The guarantee against double jeopardy protects against (1) a second

11  prosecution for the same offense after acquittal or conviction, and (2) multiple punishments for

12  the same offense.  Witte v. United States, 515 U.S. 389, 395–96, 115 S.Ct. 2199 (1995).

13          Proceeding pursuant to Fed. R. Civ. P. Rules on § 2254  Habeas Corpus, Rule 4

14  (summary dismissal), petitioner's argument fails to set forth a viable habeas claim.  Petitioner

15  was not prosecuted or punished for the same offense.  There were two distinct factual scenarios

16  and offenses that occurred nearly three years apart and petitioner was not put in jeopardy for the

17  same offense.  Being found in possession of contraband that may have been related to other

18  contraband found several years earlier will not state a Double Jeopardy claim.  Nor does it matter

19  that petitioner happened to hide the items in the same place.  Ultimately, and as found by the

20  CDCR and state court, that it is unlawful to be in possession of a cell phone charger *per se*,

21  petitioner committed two separate offenses and was properly punished.[3]  As the state court stated

22

23          [1] Contrary to petitioner's assertions, he was not found guilty of possessing the charger in 2007.  Amended Petition at 15.

24          [2] The court notes that on yet another occasion on February 16, 2007, petitioner was found to be in possession of a separate cell phone and charger.  Amended Petition at 19.

25

26          [3] For example, assume that a person has an unlawful weapon within his possession and  also ammunition used in the weapon which is unlawful to possess in its own right, i.e., one could be

2

1   in denying petitioner's habeas petition, "[h]is decision to keep and hide the cell phone charger-a

2   separate contraband item from the cell phone itself-constitutes a new violation of prison rule."

3   Amended Petition at 35.

4          In accordance with the above, IT IS HEREBY ORDERED that:

5          1.  The petition is denied for the reasons discussed above;

6          2. A certificate of appealability is not issued in this action.

7   DATED: November 7, 2012

8
                              /s/ Gregory G. Hollows
9                         UNITED STATES MAGISTRATE JUDGE

10
     GGH: AB
11   ches0737.dis

12

13

14

15

16

17

18

19

20

21

22

23

24

─────────────────

25   charged with unlawful possession of the ammunition regardless of whether it was found in
     connection with an actual weapon.  The fact that a prosecution occurred for the weapon itself, and
26   a later prosecution for the ammunition when it was found, does not implicate Double Jeopardy.